**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-27145-CIV-SMITH**

RANDOLPH PIERRE,

Petitioner,

v.

WARDEN, MIAMI FEDERAL DETENTION CENTER, *et al.*,

Respondents.
________________________________________/

## ORDER DENYING PETITION

This cause comes before the Court on the Petition for Writ of Habeas Corpus [DE 1], Respondents' Response [DE 4], and Petitioner's Reply [DE 5]. Upon review of the record and applicable law, the Petition is denied.

Petitioner was inspected and paroled into the United States at Fort Lauderdale, Florida, on August 26, 2023. His parole expired on June 12, 2025. On September 11, 2024, Petitioner received Temporary Protected Status ("TPS") however, his TPS was cancelled on August 19, 2026. On September 30, 2026, Petitioner was apprehended following a traffic stop. Later that same day the Department of Homeland Security (DHS) issued him a Notice to Appear (NTA) for removal proceedings. Petitioner was initially held at the Krome North Service Processing Center and remains in custody at the Miami Federal Detention Center in Miami, Florida, pending resolution of his removal proceedings.

Petitioner seeks an Order requiring Respondents to immediately release Petitioner from unlaw immigration detention. Alternatively, Petitioner seeks an order requiring Respondents to provide him with an individualized custody redetermination hearing before an immigration judge,

pursuant to 8 U.S.C. § 1226(a) where the Government bears the burden of justifying continued detention, within a reasonable period.

Under 28 U.S.C. § 2241, federal district courts "within their respective jurisdictions" have the authority to hear applications for habeas corpus by any person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. The "essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and thus to be within the "core of habeas corpus," a petitioner must seek "either immediate release from that confinement or the shortening of its duration." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 489 (1973). Section 2241 authorizes federal courts to hear challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) ("28 U.S.C. § 2241[ ] confers jurisdiction upon the federal courts to hear" challenges to the "lawfulness of immigration-related detention").

The Court's resolution of this Petition hinges on whether Petitioner is properly detained under § 1225(b)(2)(A) or § 1226(a). Relying on *Hernandez Alvarez v. Warden, Federal Detention Center Miami*, Petitioner argues that § 1226(a) governs his detention and entitles him to an individualized bond hearing. 175 F.4th 1258 (11th Cir. 2026). Respondents contend that Petitioner remains an "arriving alien" subject to mandatory detention without bond under § 1225(b)(2)(A).

In *Hernandez Alvarez*, the Eleventh Circuit explained that being an "applicant for admission" does not necessarily mean an alien is "seeking admission" under § 1225(b)(2)(A). *Hernandez Alvarez*, 175 F.4th at 1268–69. The court clarified that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Id.* at 1276. The court rejected the argument that the petitioners were seeking admission merely because they remained in the country rather than departing. *Id.* at 1269. These petitioners, however,

had entered without inspection, and the court did not address whether § 1225(b)(2)(A) governs the later detention of an alien who sought admission at a port of entry and whose parole expired. *Id.* at 1263.

Here, Petitioner did seek admission when he presented for inspection at Fort Lauderdale in 2023. His subsequent release on parole did not constitute admission, as § 1182(d)(5)(A) expressly provides that parole "shall not be regarded as an admission of the alien." The statute further requires his return "to the custody from which he was paroled" once the purposes of parole have been served and directs that his case proceed "in the same manner as that of any other applicant for admission to the United States." 8 U.S.C. § 1182(d)(5)(A). Under this reading, Petitioner's return to custody remained governed by § 1225(b)(2)(A), even though he was not seeking admission again when arrested, and the fact that his arrest occurred in Florida did not shift the statutory basis for his detention to § 1226(a).

The Court follows other courts in this District in concluding that § 1225(b)(2)(A) governs Petitioner's detention despite his prior release on parole. *See Mesadieu v. U.S. Immigration & Customs Enf't,* No. 26-CV-62384, 2026 WL 2792854, at *2 (S.D. Fla. Sept. 10, 2026) (relying on § 1182(d)(5)(A)'s direction that a parolee return "to the custody from which he was paroled" to conclude that § 1225(b)(2)(A) governs detention after parole expires); *Cabrera v. Ripa*, No. 26-61857-CIV, 2026 WL 2253670 (S.D. Fla. Aug. 5, 2026) (distinguishing *Hernandez Alvarez* and concluding that § 1225(b)'s mandatory detention provisions continued to govern a petitioner who sought admission at a port of entry despite her subsequent parole and twelve years of residence in the United States). Petitioner thus cannot seek relief under § 1226. Additionally, because Petitioner is subject to mandatory detention pursuant to § 1225 even if his initial arrest was unlawful, "under a plain reading of § 1225(b)(2), the government has lawful authority to detain Petitioner as it

pursues his removal. The Court therefore finds no grounds for relief on this basis." *See Acosta Gonzalez v. Noem*, 832 F. Supp. 3d 1303, 1310-11 (S.D. Fla. 2026). Accordingly, it is

**ORDERED** that

1. The Petition [DE 1] is **DENIED**.

2. The Clerk of Court is directed to **CLOSE** this case, **CANCEL** all hearings and deadlines, and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 17th day of November, 2026.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc: counsel of record